IN THE DISTRICT COURT IN AND FOR
THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.

WENDY YUNKER,

     Plaintiff,

v.

ALLIANCEONE RECEIVABLES MANAGEMENT, INC.,

     Defendant.

_____/

## **NATURE OF ACTION**

1.     This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq* and the Florida Consumer Collection Practices Act, Fla. Stat. §559.72. (hereafter the "FCCPA").

## **JURISDICTION AND VENUE**

2.     This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.     Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## **PARTIES**

4.     Plaintiff, WENDY YUNKER ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Broward, and City of Oakland Park.

5.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.     Defendant, ALLIANCEONE RECEIVABLES MANAGEMENT, INC.

("Defendant") or ("ARM") is a corporation who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) as well as the FCCPA.

7.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as well the FCCPA.

### FACTUAL ALLEGATIONS

8.      Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9.      Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10.      Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11.      Defendant, via its agent and/or employee "Eric," left Plaintiff a voicemail message in which Defendant did not state its true business or corporate name, and further failed to notify Plaintiff that the communication was from a debt collector.

12.      Defendant sent Plaintiff initial written communication dated May 14, 2010, in which Defendant demanded a sum of $2,750.96 with regard to an alleged debt, when in fact, Plaintiff's obligation was in the amount of $ 1,168.28. (See May 14, 2010 correspondence, attached hereto as Exhibit "A").

13.     Defendant, via its agent and/or employee "Eric," in a telephone conversation with Plaintiff on or about August 9, 2010, threatened to have Plaintiff's driver's license suspended were Plaintiff to fail to pay Defendant the amounts demanded by Defendant, an action Defendant could not legally take and/or did not intend to take.

14.     Defendant sent Plaintiff initial written communication dated May 14, 2010, in which Defendant stated that "[a] $5.00 FEE WILL BE CHARGED FOR EACH CREDIT OR DEBIT CARD PAYMENT," an amount not expressly authorized by the agreement creating the debt.  (See Exhibit "A").

15.     Defendant sent Plaintiff initial written communication dated May 14, 2010, in which Defendant, above the required disclosures pursuant to 15 U.S.C. § 1692g(a) *et seq*., stated, in relevant part: (i) "[your account] has now been placed with AllianceOne for *immediate* collection efforts"; (ii) "it is important you contact us *as soon as possible*"; and (iii) "[w]here the debt is $50.00 or more, *it is our practice to place information regarding the debt with the appropriate credit-reporting agencies*." (emphasis supplied).  Defendant's accentuation of immediacy in its demands, combined with its threat to report negative credit information, each without any qualification as to time, did overshadow, obscure and obfuscate the required disclosures below. (See Exhibit "A").

16.     Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

17.     Plaintiff repeats and re-alleges each and every allegation contained in

paragraphs 1 through 16.

18.     Defendant violated 15 U.S.C. § 1692d(6) by failing to disclose Defendant's true corporate or business name in a telephone call to Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a)  Adjudging that Defendant violated  15 U.S.C. § 1692d(6);

   b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

   d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

   e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

19.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 16.

20.     Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of a debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a)  Adjudging that Defendant violated  15 U.S.C. § 1692e(2)(A);

   b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

   d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

21.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 16.

22.     Defendant violated 15 U.S.C. § 1692e(5) threatening to take action against Plaintiff that could not be legally taken or that was not actually intended to be taken, including threatening to have Plaintiff's driver's license suspended were Plaintiff to fail to pay Defendant the amounts demanded by Defendant.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated  15 U.S.C. § 1692e(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV

23.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 16.

24.     Defendant violated 15 U.S.C. § 1692e(10) by using false representations and

deceptive practices in connection with collection of an alleged debt from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a)  Adjudging that Defendant violated  15 U.S.C. § 1692e(10);

    b)  Awarding  Plaintiff  statutory  damages,  pursuant  to  15  U.S.C.  §1692k,  in  the amount of $1,000.00;

    c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e)  Awarding  Plaintiff  any  pre-judgment  and  post-judgment  interest  as  may  be allowed under the law;

    f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT V

25.      Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 16.

26.      Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a)  Adjudging that Defendant violated  15 U.S.C. § 1692e(11);

    b)  Awarding  Plaintiff  statutory  damages,  pursuant  to  15  U.S.C.  §1692k,  in  the amount of $1,000.00;

    c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e)  Awarding  Plaintiff  any  pre-judgment  and  post-judgment  interest  as  may  be allowed under the law;

f)   Awarding such other and further relief as the Court may deem just and proper.

## **COUNT VI**

27.       Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 16.

28.       Defendant violated 15 U.S.C. § 1692f(1) by collecting an amount from Plaintiff that was not expressly authorized by the agreement creating the debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Adjudging that Defendant violated  15 U.S.C. § 1692f(1);

b)   Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c)   Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)   Awarding such other and further relief as the Court may deem just and proper.

## **COUNT VII**

29.       Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 16.

30.       Defendant violated 15 U.S.C. § 1692g(b) by overshadowing the disclosures required by 15 U.S.C. 1692g(a) during the thirty day dispute period.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Adjudging that Defendant violated  15 U.S.C. § 1692g(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT VIII**
**VIOLATIONS OF THE SECTION 559.72(9) OF THE FCCPA**
**AGAINST ARM**

31.     Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-16 of this complaint.

32.     Defendant violated §559.72(9) of the Florida Consumer Collection Practices Act by asserting the existence of a legal right with the knowledge that the right did not exist, including threatening to have Plaintiff's driver's license suspended.

33.     As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, WENDY YUNKER, by and through her attorneys, respectfully prays for judgment as follows:

a.     All actual compensatory damages suffered;

b.     Emotional and/or mental anguish damages;

c.     Statutory damages of $1,000.00;

d.     Plaintiff's attorneys' fees and costs;

e.     Any other relief deemed appropriate by this Honorable Court.

## TRIAL BY JURY

34.      Plaintiff is entitled to and hereby demands a trial by jury.


Respectfully submitted this ___ day of _____, 20__.



Respectfully submitted,
**WENDY YUNKER**


By: s/ Alex D. Weisberg
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com