**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO: 10-61796-CIV-UNGARO

WENDY YUNKER,

Plaintiff,

v.

ALLIANCEONE RECEIVABLES
MANAGEMENT, INC.,

Defendant.
_______________________________________/

**ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

This cause is before the Court on the parties' cross motions for summary judgment arising from Plaintiff's claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and Florida's Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.72. The Defendant has moved for entry of summary judgment on the discrete issue of whether the Defendant attempted to collect a "debt" within the meaning of the FDCPA and the FCCPA. Plaintiff has moved for entry of summary judgment with respect to certain FDCPA claims.[1] The motions are fully briefed and ripe for disposition.

## I. FACTUAL BACKGROUND

The facts are largely not in dispute: Plaintiff participates in Sunpass, a prepaid toll program whereby users may pay highway tolls electronically using a transponder at any toll

[1] Counts I (15 U.S.C. § 1692d(6)), Count V (15 U.S.C. § 1692e(11)), Count VI (15 U.S.C. § 1692f (1)) and Count VII (15 U.S.C. § 1692g (b)).

collection location that accepts Sunpass. In order to participate in the program, Plaintiff entered into a Sunpass Customer Agreement with the Florida Department of Transportation ("FDT") under which, *inter alia,* she was issued a transponder and agreed to maintain and replenish a prepaid account against which tolls would be electronically deducted. The agreement specifically provides, in Paragraph 17.5, that any unpaid balance due to FDT may be turned over to a collection agency for enforcement and collection activities.

Defendant is a collection agency with which Sunpass placed Plaintiff's account for collection. On or about May 14, 2010, Defendant sent a collection letter to Plaintiff which stated in part:

> Name: Wendy Yunker
>
> Account Number: 23491700
>
> Client Reference Number:0001499340
>
> Client: Sunpass
>
> Your account has been reported past due, and has now been placed with AllianceOne for immediate collection efforts. It is important to contact us as soon as possible. If remitting payment, please include the payment stub below and be sure your account number appears on your check or money order. All contacts and payments are to be made through this office to ensure proper posting and credit reporting.
>
> Where the debt is $50.00 or more, it is our practice to place information regarding the debt with the appropriate credit-reporting agencies.
>
> For your added convenience and immediate credit, you may pay your account at any Western Union location. Please call for details.
>
> You may be eligible for a time payment program. Please contact us for details.

> For your convenience you can now make your debit card or credit card payment towards your AllianceOne account online at: http://www.payaoi.com or by calling our 24 hour automated phone system at the number above.
>
> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.
>
> This communication is from a debt collector. This is an attempt to collect a debt, and any information obtained will be used for that purpose.
>
> A $5.00 FEE WILL BE CHARGED FOR EACH CREDIT OR DEBIT CARD PAYMENT.

On July 15, 2010, Plaintiff received the following voice message on her cell phone from the Defendant's debt collector employee: "Yes, hi Wendy. If you could please return my phone call at area code 858 712 6645. Once again, Wendy, 858 712 6645. Thank you." On August 14, 2010, Plaintiff received the following voice mail message on her cell phone from Defendant's debt collector employee: "Yes, hi Wendy. If you could please return my phone call at area code 858 712 6645. This is Eric. Again, 858 712 6645. Thank you."

## II. LEGAL STANDARD

Summary judgment is authorized only when the moving party meets its burden of demonstrating that "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and

that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56. When determining whether the moving party has met this burden, the court must view the evidence and all factual inferences in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Rojas v. Florida*, 285 F.3d 1339, 1341-42 (11th Cir. 2002).

The party opposing the motion may not simply rest upon mere allegations or denials of the pleadings; after the moving party has met its burden of proving that no genuine issue of material fact exists; rather the non-moving party must make a sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrell*, 477 U.S. 317 (1986); *Poole v. Country Club of Columbus, Inc.*, 129 F.3d 551, 553 (11th Cir. 1997); *Barfield v. Brierton*, 883 F.2d 923, 933 (11th Cir. 1989). If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial. *Envntl. Def. Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir. 1981).[2] Summary judgment may be inappropriate even where the parties agree on the basic facts, but disagree about the inferences that should be drawn from these facts. *Lighting Fixture & Elec. Supply Co. v. Cont'l Ins. Co.*, 420 F.2d 1211, 1213 (5th Cir. 1969). If reasonable minds might differ on the inferences arising from undisputed facts then the court should deny summary judgment. *Impossible Elec. Techniques, Inc. v. Wackenhut Protective Sys., Inc.*, 669 F.2d 1026, 1031 (5th Cir. 1982); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("[T]he dispute about a material fact is 'genuine,' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.").

---

[2] Decisions of the United States Court of Appeals for the Fifth Circuit entered before October 1, 1981, are binding precedent in the Eleventh Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).

Moreover, the party opposing a motion for summary judgment need not respond to it with evidence unless and until the movant has properly supported the motion with sufficient evidence. *Adickes*, 398 U.S. at 160. The moving party must demonstrate that the facts underlying all the relevant legal questions raised by the pleadings or otherwise are not in dispute, or else summary judgment will be denied notwithstanding that the non-moving party has introduced no evidence whatsoever. *Brunswick Corp. v. Vineberg*, 370 F.2d 605, 611-12 (5th Cir. 1967). The Court must resolve all ambiguities and draw all justifiable inferences in favor of the non-moving party. *Liberty Lobby, Inc.*, 477 U.S. at 255.

## III. DISCUSSION

### A. Defendant's Motion For Summary Judgment

Defendant's sole argument on its motion for summary judgment is that it was collecting delinquent "tolls" and that delinquent tolls do not fall within the definition of "debt" in the FDCPA and the FCCPA because they do not arise in the context of a consensual consumer transaction. *See*, *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F. 3d 1322, 1324 (7th Cir. 1997).

The undersigned disagrees with Defendant for several reasons:

First, the FDCPA and the analogous FCCPA are remedial statues which are to be liberally construed in favor of debtor protection from abusive practices. Fair Debt Collection Practices Act § 803, 15 U.S.C. § 1692a; Fla. Stat. § 559.77(5) (In interpreting the FCCPA's provisions "...great weight shall be given to the interpretations of the ...federal courts relating to the federal Fair Debt Collection Practices Act."); *see also Mammen v. Bronson & Migliaccio*, LLP, 715 F.Supp.2d 1210, 1213 (M.D. Fla. 2009).

Second, pursuant to FDCPA § 1692a(5) and the FCCPA § 559.55(1), "debt" means "...any obligation of a consumer to pay money arising out of a transaction in which ...the services which are the subject of the transaction are primarily for personal, family or household purposes, whether or not such obligation has been reduced to judgment." Plaintiff maintains without dispute that she entered into the Sunpass Agreement for "personal purposes." (D.E. 30 pp. 2, 4, 6; D.E. 23, ¶ 7). She also agreed in the Sunpass Agreement to pay in accordance with its terms for services consisting of the issuance and use of a transponder and a pre-paid account for the payment of tolls, and further agreed that she would be liable for any deficiencies in her prepaid account or any other charges associated with the collection of such deficiencies (D.E. 23 ¶¶ 4,6). Accordingly, Plaintiff's liability for the overcharges, which overcharges she does not contest in this action, appear to fall plainly within the statutory definition of "debt."

Third, Defendant's contention that the Plaintiff's indebtedness arose from her failure to pay highway tolls and, therefore did not arise in the context of a consensual consumer transaction, fails to acknowledge that Plaintiff was not compelled to enter into the Sunpass Agreement with FDOT; she had the choice of paying tolls at the toll booths by tendering cash either to the attendant or into a machine that accepted cash or entering into the Sunpass Agreement and abiding by its terms. Plaintiff here, unlike the plaintiff in *Yazo v. Law Enforcement Systems, Inc.*, 2008 WL 4852965 (C.D. Cal.), on which Defendant relies,[3] clearly chose the latter arrangement pursuant to which she is now liable for an indebtedness.

Accordingly, Defendant's Motion for Summary Judgment is denied. Further, the Court

---

[3] In *Yazo*, the plaintiff was given leave to amend her FDCPA claim to add allegations which would make clear that she had entered into a "consensual transaction."

perceives no reason why summary judgment should not be entered for Plaintiff on the issue of whether Defendant attempted to collect a "debt" within the meaning of the FCCPA and the FDCPA. Thus, the Defendant is hereby notified that the Court will enter summary judgment in favor of Plaintiff on this issue within ten days hereof unless Defendant can show good cause why summary judgment would be improper.

**B. Plaintiff's Motion For Partial Summary Judgment**

Plaintiff moves for summary judgment on Counts I, V, VI and VII of her Complaint, which are as follows:

In Count I Plaintiff alleges that Defendant violated 15 U.S.C. § 1692d (6) by failing to disclose Defendant's true corporate name or business name in a telephone call to Plaintiff;

In Count V, Plaintiff alleges that Defendant violated 15 U.S.C. § 1692(e) (11) by failing to notify Plaintiff during each collection contact (i.e. the two telephone contacts) that the communication was from a debt collector;

In Count VI, Plaintiff alleges that Defendant violated 15 U.S.C. § 1692f (1) by seeking to collect an amount from Plaintiff that was not expressly authorized by the agreement to create the debt; and

In Count VII, Plaintiff alleges that Defendant violated 15 U.S.C. § 1692g (b) by overshadowing or contradicting the disclosures required by 15 U.S.C. § 1692g (a) during the thirty day dispute period.

Defendant has not disputed any of the material facts on which the above counts are based. Apart from Defendant's argument that Plaintiff's liability does not constitute a "debt" pursuant to the relevant statutes, the Defendant makes only one argument: that the Court should not enter

summary judgment because Defendant is relying on the "bona fide error" defense provided in 15 U.S.C. § 1692k(c), which is as follows:

> **(c) Intent**
>
> A debt collector may not be liable in any action brought under this subchapter if the debt collector shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwitstanding the maintenance of procedures reasonable adapted to avoid any such error.

Civil Liability, 15 U.S.C. § 1692k(c). Specifically, Defendant contends that the bona fide error was an unintentional mistake of law regarding whether it was seeking to collect a "debt" within the meaning of the FDCPA "notwithstanding its maintenance of procedures reasonably adapted to avoid such an error." (D.E. 39). [4]

Defendant relies on the case of *McCorriston v. L.W.T., Inc.*, 536 F. Supp. 2d 1268, 1274-1275 (M.D. Fla. 2008) to support its contention that a mistake of law can serve as a "bona fide error." In *McCorriston*, the district court acknowledged a split of authority on the issue. Since *McCorriston* was decided the Supreme Court of the United States decided *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA,* 130 S.Ct. 1605 (2010) in which the Court held that the bona fide error defense in 15 U.S.C. § 1692k (c) does not apply to a debt collector's mistaken interpretation of the legal requirements of the FDCPA. Accordingly, Defendant cannot rely on the bona fide error defense based on its mistake of law to defeat Plaintiff's Motion For Summary

[4] Had the Defendant relied on a mistake of fact, the Plaintiff's Motion For Summary Judgment would have had to be denied because Plaintiff proffered no facts to negate such a bona fide error defense. However, the Defendant's contention - that its bona fide error consisted solely of a mistake of law - presents a purely legal issue which is not an impediment to entry of summary judgment for Plaintiff, if such a ruling is otherwise appropriate.

Judgment.[5]

Nonetheless, the Court declines to enter summary judgment in favor of the Plaintiff on Count VI in which Plaintiff alleges that the Defendant is attempting to collect a charge not expressly authorized by the agreement creating the debt in violation of 15 U.S.C. § 1692f(1). This Count refers to the letter of May 14, 2010 in which the Defendant stated "A $5.00 FEE WILL BE CHARGED FOR EACH CREDIT OR DEBIT CARD PAYMENT." In paragraph 17.3 of the Sunpass Customer Agreement, Plaintiff agreed to pay "...all costs, including..., collection fees, attorney's fees and court costs incurred by FDOT in the enforcement of the terms and conditions of this Agreement." Plaintiff, as the movant, has the burden of producing facts, either undisputed or viewed in the light most favorable to Defendant, which would demonstrate that the $5.00 per payment charge is not a cost of collection of FDOT that Defendant is passing on to the Plaintiff. Plaintiff has failed to produce such facts and, therefore, summary judgment in favor of Plaintiff on Count VI will be denied. *Brunswick Corp.*, 370 F.2d at 611-12.

Finally, despite Defendant's failure to make any argument in opposition to Plaintiff's Motion for Partial Summary Judgment on Count VII (other than to assert a bona fide error), the Court has carefully considered whether summary judgment should be entered on the claim as it appears to turn on the pure legal issue of whether the Defendant violated 15 U.S.C. § 1692g(b) by including in its May 14, 2010 letter statements that allegedly "overshadowed", or were inconsistent, with the disclosure of the consumer's statutory right to a thirty day period to dispute the debt or request the name and address of the original creditor. In reaching this decision, the

---

[5] The Court notes that the Defendant appears to have abandoned the bona fide error defense in any event as it is not listed as a disputed factual or legal issue in the Pre-Trial Stipulation and actually is not referenced in the Pre-Trial Stipulation in any way. *See* (D.E. 33).

undersigned is mindful that the Eleventh Circuit has affirmed at least one district court which concluded that whether a collection notice violates 15 U.S.C. §1692g(b) is determined objectively from the perspective of the "least sophisticated consumer." *In re Martinez*, 271 B.R. 696, 700-01 (S.D.Fla. 2001), *aff'd* 311 F.3d 1272 (11th Cir. 2002). That decision is in accord with *United States v. National Financial Services, Inc.*, 98 F.3d 131 (4th Cir. 1996) and *Russell v. Equifax A.R.S.,* 74 F.3d 30 (2d Cir. 1996).[6]

Whether the language and format employed by Defendant in this case was inconsistent with or overshadowed the required disclosures is a close call. In Defendant's favor, the letter that Plaintiff received was printed on a single page and included all of the required disclosures in the same font as Defendant used to make its most emphatic statements. However, the letter also stated inconsistently with the requirement that the debt collector provide a thirty day period to contest the debt that Plaintiff was subject to "immediate collection efforts" and that she should contact Defendant "as soon as possible." The letter also stated that "Where the debt is $50.00 or more, it is our practice to place information regarding the debt with the appropriate credit-reporting agencies." suggesting that Defendant would immediately report the debt without regard to the thirty day dispute period. On balance, these inconsistent statements are sufficient to establish a violation of 15 U.S.C. § 1692g as a matter of law. *See, e.g., Miller v. Payco--General American, Inc.,* 943 F.2d 482 at 484-85 (4th Cir. 1991) ; *Vaughn v. CSC Credit Services, Inc.*,

[6] The Court acknowledges that some district courts in other jurisdictions have concluded that whether a collection notice violates 15 U.S.C. § 1692g can require the resolution of fact issues, such as whether the debtor was actually confused. *E.g., Sims v. GC Services L.P.*, 445 F.3d 959 (7th Cir. 2006) (mere speculation that the unsophisticated debtor would be confused by a dunning letter is not enough for a debtor claiming a violation of 15 U.S.C. § 1692g to survive summary judgment motion). However, given that nearly all courts rely on the least sophisticated consumer standard to evaluate compliance with 15 U.S.C. § 1692g, treating the issue as a pure legal issue appears to be more appropriate and consistent with the remedial nature of the statute.

1995 WL 51402 (N.D. Ill.) (letter's demand for immediate payment coupled with threat to report the debtor to the credit bureau overshadowed or contradicted statutory notice); *Creighton v. Emporia Credit Service, Inc.*, 981 F.Supp. 411, 415 (E.D. Va. 1997) (letter demanding immediate payment contradicted statutory disclosure that debtor had 30 days to dispute debt); *Meselsohn v. Lerman*, 485 F.Supp. 215 (E.D.N.Y. 2007); *Francis v. Snyder*, 389 F. Supp. 2d 1034 (N.D. Ill. 2005). Accordingly, the Court will enter summary judgment for Plaintiff on Count VII.

It is therefore, ORDERED AND ADJUDGED as follows:

1. Defendant's Motion For Summary Judgment is DENIED;

2. Defendant shall show cause in writing within ten days hereof addressing why the Court should not enter summary judgment for Plaintiff on the issue of whether the sum sought to be collected by Defendant is a "debt" within the meaning of the FDCPA and the FCCPA;

3. Plaintiff's Motion For Summary Judgment is hereby GRANTED as to Counts I, V and VII and DENIED as to Count VI.

DONE AND ORDERED in Chambers at Miami, Florida, this 18 day of July, 2011.

URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided to:
Counsel of Record