UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

WENDY YUNKER,                                    Case No. 10cv61796- UU

        Plaintiff,

v.

ALLIANCEONE RECEIVEABLES
MANAGEMENT, INC.,

        Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

This cause is before the court on Defendant's Motion For Partial Reconsideration. (D.E. 55).

Defendant seeks reconsideration of the Court's Order On Defendant's Motion for Summary Judgment and Plaintiff's Motion for Partial Summary Judgment (D.E. 47) to the extent the Court granted summary judgment for Plaintiff on Count VII of her Complaint. Remarkably, the Defendant now seeks reconsideration when it did not favor Plaintiff or the Court with a response to that portion of the Plaintiff's Motion For Partial Summary Judgment that addressed Count VII. And, even more remarkably, Defendant seeks reconsideration although the Court, without the benefit of Defendant's response, independently undertook to consider whether summary judgment on Count VII was warranted by law and explained its reasoning both for considering the relevant issues and its conclusion in its prior order.

The Court has carefully considered the Motion in light of controlling law. A motion for reconsideration is an extraordinary remedy that rarely is granted. It is appropriate only where (1)

an intervening change in controlling law has occurred; (2) new evidence has been discovered; or (3) there is a need to correct clear error or prevent manifest injustice. *Williams v. Cruise Ships Catering Srvs. Int'l, N.V.*, 320 F.Supp.2d 1347, 1357-58 (S.D.Fla. 2004). Disagreement with the Court's ruling is an insufficient basis for reconsideration of a prior order. *See, Z.K. Marine, Inc. V. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992). Additionally, a motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision. *Id.; Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). Indeed, a failure to make an argument in response to a motion for summary judgment generally operates as a waiver. *See, New England Health Care Employees Union, Dist. 1199 v. Rhode Island Legal Services*, 2001 WL 34136692 (D.R.I. 2001) (argument not made in opposition to summary judgment motion is waived); *Steiny and Co., Inc. v. Local Union 6, Int'l Broth. Of Elec. Workers*, 1991 WL 516835 (N.D. Cal. 1991 (same); *see also, United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir.), *cert. denied*, 502 U.S. 845 (1991) (perfunctory and undeveloped arguments are waived).

By failing to respond, the Defendant waived its legal arguments with respect to Count VII. Moreover, the Defendant has offered no excuse whatsoever for its failure to respond to the and its legal arguments are based on authorities that were available when the cross-motions for summary judgment were pending and manifest nothing more than mere disagreement with the outcome. Accordingly, reconsideration is not warranted, and it is hereby

ORDERED AND ADJUDGED that the Defendant's Motion For Reconsideration is DENIED.

DONE AND ORDERED in Chambers this 1st day of August, 2011.

_____
UNITED STATES DISTRICT JUDGE

cc. Counsel of Record