# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303



John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

November 14, 2012

Steven M. Larimore
United States District Court
400 N MIAMI AVE
MIAMI, FL 33128-1807

Appeal Number: 11-14133-CC
Case Style: Wendy Yunker v. Allianceone Receivables Manage
District Court Docket No: 0:10-cv-61796-UU

The enclosed copy of this Court's Order of Dismissal is issued as the mandate of this court. See 11th Cir. R. 41-4. Counsel are advised that pursuant to 11th Cir. R. 27-2, "a motion to reconsider, vacate, or modify an order must be filed within 21 days of the entry of such order. No additional time shall be allowed for mailing."

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Joe Caruso
Phone #: (404) 335-6177

Enclosure(s)

DIS-4 Multi-purpose dismissal letter

[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14133

_____

D.C. Docket No. 0:10-cv-61796-UU

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 14 2012
JOHN LEY
CLERK

WENDY YUNKER,

                        Plaintiff-Appellee,

versus

ALLIANCEONE RECEIVABLES MANAGEMENT, INC.,

                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

Before HULL and BLACK, Circuit Judges, and GOLDBERG,[*] Judge.

PER CURIAM:

Allianceone Receivables Management, Inc. ("Allianceone"), appeals from

the district court's denial of its motion to reconsider the court's grant of summary

---

[*]Honorable Richard W. Goldberg, United States Court of International Trade Judge, sitting by designation.

judgment to Wendy Yunker in her lawsuit alleging a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.72. After oral argument, review of the parties' briefs, and consideration of the record, we dismiss Allianceone's appeal for lack of jurisdiction.

## I. BACKGROUND

### A. Yunker's Complaint and the Parties' Motions for Summary Judgment

In the district court, Yunker filed an eight-count complaint against Allianceone, alleging that Allianceone violated several provisions of the federal FDCPA and a provision of the state FCCPA. Yunker's complaint alleged that Allianceone utilized unlawful debt-collection methods in attempting to collect a debt from her.

For example, in Count VII of her complaint, Yunker alleged that Allianceone violated § 1692g, in the federal FDCPA, by sending her a dunning letter that essentially demanded immediate payment of the debt. Section 1692g provides, inter alia, that the debt collector must notify the consumer in writing that she has 30 days to dispute the debt, and that "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt." 15 U.S.C.

2

§ 1692g(a), (b). Yunker's Count VII alleged that Allianceone's letter's "accentuation of immediacy in its demands" overshadowed the letter's required disclosure under § 1692g that she had a 30-day period to contest the debt's validity.[1]

After discovery, defendant Allianceone moved for summary judgment on all of Yunker's claims. Among other things, defendant Allianceone argued that Yunker's debt consisted entirely of unpaid highway tolls and, therefore, was not a "debt" covered under the FDCPA and the FCCPA.

Yunker, in turn, filed a "Motion for Partial Summary Judgment," asking the district court to grant summary judgment on four of her seven FDCPA claims, including the claim in Count VII that alleged a violation of 15 U.S.C. § 1692g. Allianceone filed a response to Yunker's motion, but did not address her § 1692g claim.

The district court denied defendant Allianceone's motion for summary judgment. At the same time, the court granted summary judgment to plaintiff Yunker on three of her claims, including her § 1692g claim. As to Yunker's § 1692g claim, the district court noted that the issue was a "close call." However,

---

[1] The details of Yunker's other allegations under the FDCPA and the FCCPA are not relevant to this appeal.

3

the district court concluded that Allianceone's dunning letter violated § 1692g as a matter of law because some of the letter's language, which suggested a necessity for immediate payment, was inconsistent with the letter's required notification regarding the 30-day dispute period.

### B.  Allianceone's Motion for Reconsideration

Subsequently, defendant Allianceone filed a "Motion for Partial Reconsideration," asking the district court to reconsider only its grant of summary judgment to Yunker on her § 1692g claim. Allianceone argued at length that its dunning letter did not violate any requirements of § 1692g.

The district court denied Allianceone's motion for reconsideration, finding that (1) Allianceone has waived its legal arguments regarding Yunker's § 1692g claim because it failed to address this § 1692g claim in its response to Yunker's motion for partial summary judgment, (2) Allianceone has offered no excuse for its failure to address the § 1692g claim, and (3) Allianceone's motion for reconsideration was based on mere disagreement with the outcome, not on any authority previously unavailable.

### C.  Settlement of Yunker's Claims

The day before filing its aforementioned motion for reconsideration, Allianceone sent an offer of judgment to Yunker, pursuant to Federal Rule of Civil

4

Procedure 68, proposing that a judgment be entered against Allianceone on Yunker's FDCPA claims in the amount of $1001, as well as reasonable attorneys' fees and costs. Allianceone's offer letter expressly reserved Allianceone's right to appeal (1) the district court's denial of Allianceone's motion for summary judgment, (2) the district court's grant of Yunker's motion for partial summary judgment, and (3) any orders entered by the district court relating to its summary judgment orders, "including but not limited to, any orders entered in response to any motions directed at the Summary Judgment Order."

Shortly after the district court denied Allianceone's motion for reconsideration, Yunker accepted Allianceone's offer of judgment. The parties also settled Yunker's state claim under the FCCPA, and the district court dismissed that state claim with prejudice pursuant to the parties' stipulation. The district court then entered a final judgment in favor of Yunker "in connection with [her] claims under the [FDCPA]." It is undisputed that Allianceone has paid Yunker the sums in the final judgment for her FDCPA claims, which included $1001 plus reasonable attorneys' fees and costs.

**D.   Appeal**

Allianceone timely filed a notice of appeal from the district court's final judgment. In its brief to this Court, Allianceone challenged the district court's

denial of its motion for reconsideration, asking this Court to hold, as a matter of law, that its dunning letter did not violate § 1692g of the FDCPA. Yunker responded to Allianceone's arguments on the merits.

Subsequently, this Court ordered the parties to file supplemental briefs on the issue of whether the settlement of Yunker's claims rendered the case moot. Allianceone's brief argues that the case is not moot because Allianceone has a stake in the outcome of the appeal and has expressly reserved its right to appeal. Yunker contends that the settlement of her claims mooted the litigation and that, in any event, Allianceone waived its right to appeal by consenting to the final judgment in favor of Yunker.

## II. DISCUSSION

Article III of the United States Constitution "limits the jurisdiction of the federal courts to actual cases and controversies." <u>Crown Media, LLC v. Gwinnett Cnty., GA</u>, 380 F.3d 1317, 1324 (11th Cir. 2004) (internal quotation marks omitted).[2] To satisfy the case-or-controversy requirement, "a plaintiff must have suffered some actual injury that can be remedied or redressed by a favorable judicial decision." <u>Id.</u> (internal quotation marks omitted). A case becomes moot

---

[2] We review questions of subject matter jurisdiction <u>de novo</u>. <u>Holston Invs., Inc. B.V.I. v. LanLogistics Corp.</u>, 677 F.3d 1068, 1070 (11th Cir. 2012).

6

"when it no longer presents a live controversy with respect to which the court can give meaningful relief." Id. (internal quotation marks omitted).

As a general principle, settlement between the parties in litigation renders the case moot. U.S. Fire Ins. Co. v. Caulkins Indiantown Citrus Co., 931 F.2d 744, 748 (11th Cir. 1991); ITT Rayonier Inc. v. United States, 651 F.2d 343, 345 (5th Cir. Unit B July 1981). We have recognized three exceptions to this principle. U.S. Fire Ins. Co., 931 F.2d at 748. A case does not become moot (1) where one issue has become moot, "but the case as a whole remains alive because other issues have not become moot"; (2) when one party "unilaterally alters its conduct to terminate the dispute," such as ceasing allegedly illegal conduct; and (3) where a controversy is "capable of repetition, yet evad[es] review." Id. (internal quotation marks omitted).

None of the above three exceptions applies in this case. First, as reflected in the district court's final judgment, Allianceone and Yunker have settled all of Yunker's FDCPA claims (including the § 1692g claim), and no issue remains to be litigated in this regard. As discussed more fully below, Allianceone's challenge to the district court's earlier grant of summary judgment on Yunker's § 1692g claim does not create a justiciable controversy. Second, there is no evidence, and Allianceone does not allege, that it unilaterally altered its conduct to terminate its

7

dispute with Yunker. Rather, Yunker acted too and accepted $1001 plus attorneys' fees and costs. Third, this case does not present a situation that is capable of repetition but evades review as to this plaintiff. See U.S. Fire Ins. Co., 931 F.2d at 748.

To support its argument that the case is not moot, Allianceone relies heavily on the Supreme Court's decision in Electrical Fittings Corp. v. Thomas & Betts Co., 307 U.S. 241, 59 S. Ct. 860 (1939), which involved a patent infringement lawsuit. In Electrical Fittings, the district court found that (1) the plaintiff's patent was valid and (2) the defendants did not infringe the patent. Id. at 241-42, 59 S. Ct. at 860. The district court issued a corresponding decree adjudging the patent valid but dismissing the lawsuit. Id. The Supreme Court held:

> A party may not appeal from a judgment or decree in his favor, for the purpose of obtaining a review of findings he deems erroneous which are not necessary to support the decree. But here the decree itself purports to adjudge the validity of [the patent], and though the adjudication was immaterial to the disposition of the cause, it stands as an adjudication of one of the issues litigated. We think the petitioners were entitled to have this portion of the decree eliminated, and that the Circuit Court of Appeals had jurisdiction, as we have held this court has, to entertain the appeal, not for the purpose of passing on the merits, but to direct the reformation of the decree.

Id. at 242, 59 S. Ct. at 860-61 (footnotes omitted).

Allianceone's reliance on Electrical Fittings is unavailing. In that case, the

8

Supreme Court stated that it could exercise jurisdiction over the appeal not on the merits, but only to correct the district court's procedural error by removing an unnecessary adjudication from the district court's decree. See id.; see also Deposit Guar. Nat'l Bank v. Roper, 445 U.S. 326, 335-36 & n.7, 100 S. Ct. 1166, 1172-73 & n.7 (1980) (discussing Electrical Fittings). Here, Allianceone does not allege any such procedural error, and we do not believe any such error exists. Instead, Allianceone asks us to rule on the merits of Yunker's § 1692g claim and conclude that Allianceone's dunning letter does not violate § 1692g as a matter of law. But there is no actual case or controversy left between Allianceone and Yunker as to the § 1692g claim because Allianceone and Yunker settled that claim between themselves.

In any event, to the extent Electrical Fittings is applicable here, that case and its progeny make clear that we cannot reach the merits of Yunker's § 1692g claim. See Electrical Fittings, 307 U.S. at 242, 59 S. Ct. at 860-61; see also Deposit Guar. Nat'l Bank, 445 U.S. at 336, 100 S. Ct. at 1173 (holding, in a case analogous to Electrical Fittings, that "the Court of Appeals had jurisdiction to entertain the appeal only to review the asserted procedural error, not for the purpose of passing on the merits of the substantive controversy").

We also recognize that Allianceone reserved its right to appeal the district

9

court's grant of summary judgment on Yunker's § 1692g claim, and that both parties argued the merits of this issue on appeal. However, this still does not create a justiciable controversy in the absence of either party having a continuing financial stake in this particular litigation. See Crown Media, LLC, 380 F.3d at 1324; see also Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702, 102 S. Ct. 2099, 2104 (1982) ("[N]o action of the parties can confer subject-matter jurisdiction upon a federal court. Thus, the consent of the parties [to jurisdiction] is irrelevant . . . ."). Nothing suggests, and the parties do not argue, that their settlement and the district court's final judgment would be altered if Allianceone succeeded in this appeal. Thus, even if our decision on the merits could assist Allianceone or Yunker in some future litigation, such a decision would be exactly the sort of advisory opinion prohibited by Article III. See Church of Scientology of Cal. v. United States, 506 U.S. 9, 12, 113 S. Ct. 447, 449 (1992) ("[A] federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." (internal quotation marks omitted)); BankWest, Inc. v. Baker, 446 F.3d 1358, 1367 (11th Cir. 2006) ("If we addressed issues that might arise, we would be rendering an advisory opinion on future conduct and events that may never occur, something which Article III does

not permit us to do.").³  In light of the foregoing, we dismiss Allianceone's appeal as moot.

**APPEAL DISMISSED.**

---

³We note that, in <u>Dorse v. Armstrong World Indus. Inc.</u>, 798 F.2d 1372 (11th Cir. 1986), we decided to consider the merits of an appeal where the plaintiff and the defendant stipulated to a judgment in the underlying lawsuit, but the defendant expressly reserved the right to appeal. <u>Dorse</u> is materially different from this case, however.  In <u>Dorse</u>, there was no indication that the parties entered into a final, unconditional monetary settlement, whereby the defendant's success on appeal would not affect the underlying settlement and judgment.  Here, Allianceone and Yunker did enter such a final, unconditional settlement because the present appeal will not affect the district court's final judgment, regardless of the outcome of the appeal, and Allianceone would still be obligated to pay the agreed sum to Yunker, including reasonable attorneys' fees and costs.  In fact, Allianceone has already paid that sum, as well as attorneys' fees and costs.

11